**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0414n.06

No. 17-1402

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

LYNETTE DUNCAN, as Personal
Representative of the Estate of David Duncan,
Deceased,

      **Plaintiff-Appellant,**

MICHIGAN DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

      **Intervenor,**

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

      **Defendant-Appellee.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
Aug 16, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

**OPINION**

---

Before: MOORE, COOK, and McKEAGUE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Plaintiff Lynette Duncan, the late David Duncan's ("Duncan") widow, is acting as the personal representative of Duncan's estate (the "Estate"). Duncan had sustained significant injuries in an automobile crash, and these injuries resulted in his death a year later. At the time of the accident, Duncan had a no-fault insurer, Liberty Mutual Insurance Company ("Liberty Mutual"). He was also a Medicare recipient. Liberty Mutual, however, refused to cover Duncan's medical expenses, which caused Medicare to make conditional payments. Because Liberty Mutual refused to pay, Duncan brought an action in Michigan state court, and the Estate pursued the action after his death. When Liberty Mutual

moved for summary judgment regarding whether the Estate can pursue double damages under the Medicare Secondary Payer Act (the "Act"), 42 U.S.C. § 1395y(b)(3), the district court granted Liberty Mutual's motion. The Estate has appealed the district court's judgment.

For the reasons explained below, we **REMAND** the action to the district court to consider whether the Estate has standing.

## I.  BACKGROUND

This action arises from Medicare's payment of Duncan's medical expenses for his injuries from an automobile crash on January 11, 2013. *See* R. 26 (Second Am. Compl. ¶ 5) (Page ID #3186). At the time of the accident, Liberty Mutual was Duncan's no-fault insurer. *Id.* ¶ 6 (Page ID #3186). Duncan was also a Medicare recipient. *Id.* ¶ 22 (Page ID #3191). When Duncan died on December 4, 2014, the Estate continued to pursue the action against Liberty Mutual. *See id.* ¶ 37 (Page ID #3195).

Because Liberty Mutual refused to cover Duncan's medical expenses, Duncan filed this action in Michigan state court. R. 45-4 (Mot. Ex. C, Compl. ¶ 9) (Page ID #3612). In Duncan's state-court action, a jury determined that the operation of a motor vehicle caused Duncan's injuries, which required Liberty Mutual to pay for Duncan's medical expenses. *See* R. 20-3 (Notice Removal Ex. PPPPP, J. at 2) (Page ID #2280). Liberty Mutual then notified Medicare on April 1, 2016, that "Liberty Mutual has been determined to be the primary payer in relation to the motor vehicle accident on 1/11/13." R. 45-24 (Mot. Ex. W, Letter at 1) (Page ID #4061). Medicare responded to Liberty Mutual and informed Liberty Mutual that "Medicare ha[d] identified a claim

or number of claims for which [Liberty Mutual] ha[s] primary payment responsibility and Medicare has made primary payment. Medicare must recover these payments from the entity responsible for payment or, when payment has been made, from the entity/individual who has received payment for these claims (see 42 U.S.C. 1395y(b)(2))." R. 45-25 (Mot. Ex. X, Letter at 1) (Page ID #4063). In that letter, Medicare "identified $174,815.20 in conditional payments," but it had not made a final determination regarding the amount that Liberty Mutual owed. *Id.*

After receiving the jury verdict, the Estate amended its complaint to include a claim for double damages under § 1395y(b)(3). R. 1-3 (Notice Ex. B, Am. Compl. at 5) (Page ID #20). Liberty Mutual then removed the action to the United States District Court for the Eastern District of Michigan because of the federal question. *See* R. 1 (Notice) (Page ID #1). In the district court, both parties moved for partial summary judgment regarding the Estate's claim under § 1395y(b)(3). R. 45 (Mot. at 26) (Page ID #3588); R. 46 (Mot. at 8–9) (Page ID #4092–93). The district court granted Liberty Mutual's motion and denied the Estate's motion. R. 67 (Order) (Page ID #4758). The Estate appealed the judgment. R. 72 (Notice) (Page ID #4765).

## II. DISCUSSION

We examine de novo a district court's grant of summary judgment. *Schleicher v. Preferred Sols., Inc.*, 831 F.3d 746, 752 (6th Cir. 2016). "Summary judgment is warranted only if the record shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wenk v. O'Reilly*, 783 F.3d 585, 593 (6th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also* Fed. R. Civ. P. 56. We also "must

3

view the facts and any inferences reasonably drawn from them in the light most favorable to the nonmoving party." *Griffith v. Coburn*, 473 F.3d 650, 655 (6th Cir. 2007) (quoting *St. John v. Hickey*, 411 F.3d 762, 768 (6th Cir. 2005)).

For standing, a plaintiff needs to show that "(1) [he or she] has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 523–24 (6th Cir. 2001) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000)). The Supreme Court has stated that "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

For injury-in-fact, there are two elements: the injury must be particularized and concrete. *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540, 1548 (2016). To be a particularized injury, "it must affect the plaintiff in a personal and individual way." *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1). However, regardless of whether a plaintiff's injury is particularized, a plaintiff needs "some concrete interest that is affected by the deprivation." *Id.* at 1552 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)). "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate

4

that right." *Id.* at 1549. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

In this particular action, determining whether the Estate has standing is a fact intensive question. *Compare Gucwa v. Lawley*, 731 F. App'x 408, 413–14 (6th Cir. 2018) (hypothesizing that a financial loss might show standing), *and Manning v. Utils. Mut. Ins. Co.*, 254 F.3d 387, 391 (2d Cir. 2001) (summarizing a plaintiff's argument that he received inferior health care), *with Netro v. Greater Balt. Med. Ctr., Inc.*, 891 F.3d 522, 526–28 (4th Cir. 2018) (stating that a beneficiary had standing because a state-court judgment required her to pay Medicare and she invoked a derivative injury). We have noted that "[a] plaintiff does not satisfy the elements of standing simply by showing that the insurer failed to make payments 'on [his] behalf'; the plaintiff must show that he '[him]self suffered an injury *because* a primary plan has failed' to pay." *Gucwa*, 731 F. App'x at 414 (second and third alterations in original) (quoting *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 101 (2d Cir. 2009)). Determining here, for instance, whether Duncan suffered financially or received less care because Liberty Mutual failed to provide *primary* payment requires fact finding. *See Gucwa*, 731 F. App'x at 413–14.

In its review of the matter, the district court did not analyze whether the Estate has standing. *See* R. 67 (Order) (Page ID #4758). Accordingly, the district court did not make factual findings regarding whether Liberty Mutual injured the Estate by refusing to pay for Duncan's medical expenses and triggering Medicare's conditional payments. Because we do not have these findings before us, the district court should determine in the first instance this factually intensive question.

### III.  CONCLUSION

For these reasons, we **REMAND** the action to the district court to consider whether the

Estate has standing.